IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

MAR 1 3 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DANTE LAMAR KING, <br><br> Defendant. | CR 18-52-BLG-SPW <br><br> ORDER |

Before the Court is Defendant Dante Lamar King's five motions in limine. (Doc. 39). For the following reasons, the Court grants King's first, second, third, and fourth motions and denies the fifth motion.

**I. Facts**

On April 19, 2018, King was indicted for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). The indictment alleges King possessed a .38 caliber revolver on February 14, 2018. After King was granted several continuances, trial was scheduled for April 1, 2019. (Doc. 33). On February 20, 2019, the United States provided King notice of its intent to use Federal Rule of Evidence 404(b) evidence. (Doc. 40-4). The evidence consists of an alleged assault King committed on his landlord on December 13, 2017. (Doc.

1

45). King allegedly brandished a .40 caliber semi-automatic pistol during the assault. (Doc. 45 at 3).

## II. Law

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663,664 (7th 4 Cir. 2002). A motion in limine should not be used to resolve factual disputes or weigh evidence. *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. K-Mart Corp.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). Courts have wide discretion in considering and ruling on motions in limine. *See Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984).

## III. Discussion

King seeks to exclude evidence (1) that he allegedly possessed a firearm on December 13, 2017; (2) that law enforcement sought his arrest pursuant to a warrant for another offense; (3) that he was sought by the Montana Violent Offender's Task Force; (4) that he has pending state criminal charges; and (5) that he has previously been convicted of a violent crime or a crime involving a firearm. The United States contests King's first motion in limine, but clarifies it will not introduce evidence of the assault, only evidence that King allegedly possessed a

2

.40 caliber semiautomatic pistol on December 13, 2017. The United States stipulates to King's second, third, and fourth motions in limine, but reserves the right to introduce such evidence if King opens the door during trial. The United States requests the Court reserve ruling on King's fifth motion in limine.

### A. Alleged possession of a .40 caliber semiautomatic pistol on December 13, 2017

Federal Rule of Evidence 404(b)(1) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). On request by a criminal defendant, the government must provide reasonable notice before trial of its intent to use Rule 404(b)(2) evidence. Fed. R. Evid. 404(b)(2)(A-B). The district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in cases where knowledge or intent is at issue, is similar to the offense charged. *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010). But evidence that satisfies these elements must still be excluded under Rule 403 if its probative value is substantially outweighed by unfair prejudice. *United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008).

King argues he was given insufficient notice of the Rule 404(b) evidence and the Rule 404(b) evidence is inadmissible prior bad act evidence. The United States responds its notice more than a month before trial was reasonable and the Rule 404(b) evidence tends to prove King knowingly possessed the .38 caliber revolver on February 14, 2018.

More than a month's notice before trial was reasonable because it provided King adequate time to examine the evidence, seek its exclusion with a motion in limine, and/or change trial strategy or plea negotiations. The United States satisfied Rule 404(b)'s notice requirement.

The United States also satisfies the *Lozano* elements. In *United States v. Rendon-Duarte*, the Ninth Circuit intimated evidence a defendant previously knowingly possessed a firearm tends to prove a material point because it makes it more likely the defendant knowingly possessed a firearm subsequently. 490 F.3d 1142, 1145 (9th Cir. 2007). The Rule 404(b) evidence is not too remote in time because it occurred two months prior to the act alleged in the indictment, and less than a year and a half before trial. Courts routinely let in evidence older than that. *See United States v. Rude*, 88 F.3d 1538, 1549-1550 (9th Cir. 1996) (citing various cases). The Rule 404(b) evidence is reliable because two witnesses will testify that King possessed a .40 caliber semiautomatic pistol on December 13, 2017. *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) ("[The] reliability threshold

is not a high one . . . ."). Finally, the Rule 404(b) evidence is similar enough to the crime alleged here, particularly given the United States' concession to restrict the evidence to testimony that King possessed a .40 caliber semiautomatic pistol. *United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993).

Nonetheless, the Rule 404(b) evidence is inadmissible because it is more prejudicial than probative. The United States seeks to prove King knowingly possessed a .38 caliber revolver on February 14, 2018 by showing that he allegedly knowingly possessed a .40 caliber semiautomatic pistol on December 13, 2017. Although the details of the alleged crime have not been presented to the Court, King was apparently arrested while in a stolen vehicle, in which there was a .38 caliber revolver. The United States' brief indicates it needs the Rule 404(b) evidence to prove King knew the .38 caliber revolver was in the vehicle, presumably because King intends to argue he did not know. *Rendon-Duarte* may grant the United States the liberty to use the Rule 404(b) evidence to make that leap, but here, under these facts, Rule 403 does not.

Evidence that a defendant previously committed the crime for which he is on trial can have a devastating impact on a jury. *United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985). Introduction of the prior act presents "a substantial risk that all the exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he

5

did it before, he must have done it again." *Bagley*, 772 F.2d at 488. The question is whether the evidence tends to encourage the jury to find guilt from improper reasoning. *United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005).

There is an inherent tension when the prior act evidence is similar to the offense charged. On one hand, as demonstrated in *Rendon-Duarte*, the similarity makes the evidence probative. On the other, as demonstrated in *Bagley*[1], the similarity presents a substantial risk for an improper conviction, i.e., makes the evidence prejudicial. Weighing those considerations here, the Court finds the prejudicial effect substantially outweighs the probative value of the evidence because King's alleged possession of a .40 caliber semiautomatic pistol on December 13, 2017, perhaps makes it slightly more likely King knowingly possessed a .38 caliber revolver on February 14, 2018, but almost certainly presents a substantial risk the jury will convict King solely because of the alleged possession on December 13, 2017. The risk is too large, even with the use of a limiting instruction, and the evidence is therefore excluded.

---

[1] Although the evidence in *Bagley* was impeachment by a prior conviction, the Ninth Circuit's concern is equally applicable here because the United States intends to introduce evidence King previously possessed a firearm when he was prohibited from doing so. Likewise, the Ninth Circuit's analysis of the prejudicial effect is applicable here because it held the evidence should have been excluded under Rule 403. 772 F.2d at 487-488. And in either case the concern is the same: the jury will use the evidence for an improper purpose despite being instructed on the limited use of the evidence.

6

### B. King's second, third, and fourth motions in limine

The United States stipulates to King's second, third, and fourth motions in limine, but reserves the right to introduce such evidence if King opens the door during trial. The Court grants King's second, third, and fourth motions in limine on that condition.

### C. King's fifth motion in limine

King was convicted of robbery in California in 2004. The United States argues it is required to prove King is a convicted felon prohibited from possessing firearms, but offers King the opportunity to stipulate to his prohibited status before trial in accordance with *Old Chief v. United States*, 519 U.S. 172, 192 (1997). The Court will reserve ruling on this motion in limine until trial.

## IV. Conclusion and order

It is hereby ordered:

1. King's first motion in limine is granted. The United States may not introduce evidence King allegedly possessed a firearm on December 13, 2017.

2. King's second, third, and fourth motions in limine are conditionally granted.

3. King's fifth motion in limine is denied with leave to renew.

DATED this 12th day of March, 2019.

_____
SUSAN P. WATTERS
United States District Judge